UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA J. HARRISON,

      Plaintiff,                                        No. 18-10374

v.                                                     Honorable Nancy G. Edmunds

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.
_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S AUGUST 15, 2019 REPORT AND RECOMMENDATION [19]**

**I.    Background**

Plaintiff filed this action seeking review of the Commissioner of Social Security's decision denying his application for disability insurance. The Court referred the matter to the Magistrate Judge, who recommends denying Plaintiff's motion for summary judgment, granting Defendant's motion for summary judgment, and affirming the Commissioner's decision. (Dkt. 19.) Plaintiff makes one objection to the Magistrate Judge's report and recommendation, and Defendant has responded to that objection. (Dkts. 20, 21.) Having conducted a *de novo* review of the part of the Magistrate Judge's report to which a specific objection has been filed, the Court OVERRULES Plaintiff's objection and ACCEPTS and ADOPTS the report and recommendation. As a result, the Court DENIES Plaintiff's motion for summary judgment (Dkt. 13); GRANTS Defendant's motion for summary judgment (Dkt. 16); and AFFIRMS the decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g).

## II. Standard of Review

### A. *De Novo* Review of Objections

Under Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See also* 28 U.S.C. § 636(b)(1).

### B. Substantial Evidence Standard

"This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citing 42 U.S.C. § 405(g)). Substantial evidence is "'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports another conclusion, *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). "The substantial evidence standard presupposes that there is a 'zone of choice' within which the [Commissioner] may proceed without interference from the

2

courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)).

III.    **Analysis**

Plaintiff objects to the Magistrate Judge's finding that the ALJ did not err when she found that Plaintiff's impairments did not meet or medically equal the criteria of Listing 1.04A. More specifically, Plaintiff argues that the reliance on the medical opinion of Dr. Tsai was erroneous and that the ALJ failed to discuss certain evidence in the record.

As Defendant notes, Plaintiff is primarily rehashing arguments he made before the Magistrate Judge.

> This Court is not obligated to address objections made in this form because the objections fail to identify the specific errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, 28 U.S.C. § 636, which serves to reduce duplicative work and conserve judicial resources.

*Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 U.S. Dist. LEXIS 44411, at *8 (W.D. Mich. Mar. 28, 2013) (citations omitted). Nonetheless, the Court has considered Plaintiff's arguments regarding whether his impairments meet Listing 1.04A. The Court agrees with the Magistrate Judge.

The Magistrate Judge first noted that to meet a particular listing, a claimant's impairments must satisfy each and every element of the listing. She found substantial evidence in the record to support the ALJ's decision that Plaintiff's impairments did not meet several of the criteria in Listing 1.04A, including motor loss and sensory or reflex loss, even though there may have been substantial evidence that supports a different conclusion. (*See* dkt. 19, PgID 795-96.) And contrary to Plaintiff's assertions, the ALJ

3

explicitly addressed Plaintiff's obesity, finding that it "does not meet or medically equal any listing, singly or in combination with the other impairments." (*See* dkt. 9-2, PgID 59.)

The Magistrate Judge also found no merit to Plaintiff's argument that the ALJ should have sought a medical opinion on equivalency because there was one in the record—Dr. Tsai's signature on the Disability Determination and Transmittal Form. While Plaintiff takes issue with the fact that Dr. Tsai is a psychiatrist, "there is no indication in the governing regulations or case law that a medical professional must be of any particular specialty to evaluate whether a claimant's condition equals a listed impairment." *See Salem v. Colvin*, No. 14-CV-11616, 2015 U.S. Dist. LEXIS 100717, at *8-9 (E.D. Mich. Aug. 3, 2015).

Plaintiff also argues that Dr. Tsai's opinion is deficient because it was rendered in April 2015 without the benefit of the records regarding Plaintiff's second lumbar spine surgery in September 2015, MRI examination in December 2015, and multiple epidural injections in 2016. As Defendant correctly notes, the first time Plaintiff made this argument was in his response to Defendant's motion for summary judgment and thus it is waived. *See Kuhn v. Washtenaw Cty.*, 709 F.3d 612, 624 (6th Cir. 2013) ("arguments not raised in a party's opening brief . . . are waived"). But to the extent Plaintiff is arguing that the ALJ was required to obtain an updated medical opinion, the Court disagrees. Social Security Ruling No. 96-6p requires an updated medical expert opinion "[w]hen additional medical evidence is received that in the opinion of the administrative law judge or the Appeals Council may change the State agency medical or psychological consultant's finding" that the impairments do not equal a particular

listing. 1996 SSR LEXIS 3, at *9-10. Here, the ALJ discussed the additional medical evidence in detail and did not opine that this evidence may change Dr. Tsai's opinion that Plaintiff's impairments did not meet Listing 1.04A. In fact, the ALJ noted that when Plaintiff reported recurrence of his symptoms after his second surgery, his surgeon recommended physical therapy but the record did not contain evidence of such therapy; after his MRI examination, his surgeon recommended conservative treatment as directed by his primary care physician; and after his epidural injections, Plaintiff reported fair to good pain relief and was reportedly stable on medications. (*See* dkt. 9-2, PgID 62.) Because the additional medical evidence did not undermine the accuracy of Dr. Tsai's assessment, the ALJ was not required to obtain an updated medical opinion. *See Kelly v. Comm'r of Soc. Sec.*, 314 F. App'x 827, 831 (6th Cir. 2009) (unpublished). Thus, the ALJ's reliance on the assessment of Dr. Tsai was proper. In sum, because there is substantial evidence in the record that supports the ALJ's finding that Plaintiff's impairments did not meet Listing 1.04A, Plaintiff's objection is overruled.

IV. **Conclusion**

For the foregoing reasons, the Court OVERRULES Plaintiff's objection and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation. The Court therefore DENIES Plaintiff's motion for summary judgment (Dkt. 13); GRANTS Defendant's motion for summary judgment (Dkt. 16); and AFFIRMS the decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g).

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: September 17, 2019

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 17, 2019, by electronic and/or ordinary mail.

                                        s/Lisa Bartlett
                                        Case Manager